UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL D. McCORD,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   No. 4:07-CV-1185-CDP
                                  )
ALAN BLAKE, et al.,               )
                                  )
            Defendants.           )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Michael D. McCord for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are Alan Blake, Margaret Chesy, Nancy Crump, and Evan Miller.

Plaintiff alleges that "defendant appropriated and or destroyed [his] personal property without permission . . . and without fair notice and due process." The property consisted of two pairs of shoes. Plaintiff claims that "defendants' behavior caused [him] to have an anxiety attack."

To the extent that plaintiff is attempting to assert a claim for intentional or negligent deprivation of property under §

2

1983, he must show that a defendant acted under color of state law, and that he has no adequate post-deprivation state remedy to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Harris v. St. Louis Police Dept., 164 F.3d 1085 (8th Cir. 1998)(police officer's destruction of plaintiff's bus pass not actionable under § 1983, because plaintiff has adequate postdeprivation remedy in Missouri state court for conversion). Thus, if the taking of property is intentional, and the state provides an adequate postdeprivation remedy, there is no violation of due process. Id.; Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986); Reese v. Kennedy, 865 F.2d 186, 187 (8th Cir. 1989)(state tort remedies preclude § 1983 claim for deprivation of property). Plaintiff does not allege that he lacks an adequate postdeprivation remedy. Furthermore, regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of a plaintiff's property was the result of negligence. See Daniels v. Williams, 474 U.S. 327, 328 (1986); accord Davidson v. Cannon, 474 U.S. 344, 347 (1986); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged

deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff does not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the violation of his constitutional rights.  Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Therefore, the Court concludes that the instant action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 12th day October, 2007.

_____
**UNITED STATES DISTRICT JUDGE**